UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHIGAN ELECTRICAL EMPLOYEES' PENSION FUND, Trustees of;
MICHIGAN ELECTRICAL EMPLOYEES HEALTH PLAN, Trustees of;
NATIONAL ELECTRICAL BENEFIT FUND, Trustees of;
NATIONAL ELECTRICAL ANNUITY FUND, Trustees of;
WEST MICHIGAN ELECTRICAL JOINT
APPRENTICESHIP AND TRAINING COMMITTEE TRUST, Trustees of; and
WEST MICHIGAN LABOR-MANAGEMENT COOPERATION
FUND, Trustees of,

   Plaintiffs,

Case No.

v.

Hon.

RIVERWAY ELECTRIC CO., LLC,
a Michigan limited liability company, and
FRED WOHLFERT, individually, jointly and severally,

   Defendants.
_____

WATKINS, PAWLICK,
CALATI & PRIFTI, PC
HOPE L. CALATI (P54426)
Attorneys for Plaintiffs
1423 E. Twelve Mile Rd.
Madison Heights, MI 48071
(248) 658-0800
_____

## **COMPLAINT**

1. Plaintiffs are the Trustees of the Michigan Electrical Employees' Pension Fund, the Trustees of the Michigan Electrical Employees Health Plan, the Trustees of the National Electrical Benefit Fund, the Trustees of

1

the National Electrical Annuity Fund, the Trustees of the West Michigan Electrical Joint Apprenticeship and Training Committee Trust, and the Trustees of the West Michigan Labor-Management Cooperation Fund (collectively, "Funds"), which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §§186, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §§1001, *et seq.* The Michigan Electrical Employees' Pension Fund and the Michigan Electrical Employees Health Plan maintain their principal offices in the City of Lansing, Michigan. The National Electrical Benefit Fund and the National Electrical Annuity Fund maintain their principal offices in the City of Rockville, Maryland. The West Michigan Electrical Joint Apprenticeship and Training Committee Trust and the West Michigan Labor-Management Cooperation Fund maintain their principal offices in City of Coopersville, Michigan.

    2.    Defendant Riverway Electric Co., LLC ("Riverway Electric") is a Michigan limited liability company doing business in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12). Its principal place of business is in the City of Grand Rapids, County of Kent, State of Michigan.

    3.    Upon information and belief, defendant FRED WOHLFERT

("Fred Wohlfert") is an individual residing, upon information and belief, in the City of Grand Rapids, County of Kent, State of Michigan, and the principal owner and manager of Riverway Electric. His principal place of business is in the City of Grand Rapids, County of Kent, State of Michigan. The Individual Defendant is responsible, with others, for running the day-to-day operations of the company and responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in Sections 501(1) and (3) of LMRA, 29 U.S.C. §142(1) and (3), and within the meaning of Section 301(A) of LMRA, 29 U.S.C. §185(A), or the agents acting in the interest of such an employer as defined in Sections 501(3) of LMRA, 29 U.S.C. §142(3). The Individual Defendant is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of Section 515 of ERISA, 29 U.S.C. §1145.

5. Insofar as Count I of this Complaint is concerned, jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements

("Agreements") entered into by International Brotherhood of Electrical Workers Local Union No. 275 ("Union"), an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(12), to which defendants, as employers, are bound.  With respect to Count II of this Complaint, if there is no federal jurisdiction, the supplemental jurisdiction of this Court (28 USC §1367) is invoked, the claims in Count II being so related to the claim in Count I that the two counts form a part of the same case or controversy under Article III of the United States Constitution.

      6.    Venue of the United States District Court for the Western District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which the defendants are located.

**COUNT I**
(Riverway Electric)
<u>Failure to Pay Amounts Owing Pursuant to Collective Bargaining Agreement</u>

      7.    Plaintiffs hereby re-allege and incorporate each and every allegation set forth in paragraphs 1 through 6 as if fully set forth herein.

      8.    Defendant Riverway Electric is bound by the Agreements, copies of which are in Defendants' possession.

9. Defendant Riverway Electric also is and has been bound by the terms of the applicable trust agreements establishing the Funds incorporated by reference in the Agreements.

10. Under the terms of the Agreements, defendant Riverway Electric was and is obligated to make contributions to the Funds with respect to covered work performed by and wages paid to employees of Riverway Electric.

11. Defendant Riverway Electric has, in violation of its contractual obligations, failed to pay all of the contributions it was obligated to pay.

12. The amount of the indebtedness of defendant Riverway Electric for such fringe benefit contributions (including contractual liquidated damages) for work performed during the audit period of July 2018 through December 2018 is $42,860.52.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against Defendant Riverway Electric containing the following provisions:

A. Adjudicating that Defendant Riverway Electric entered into (or adopted) collective bargaining agreements with the Union and that, pursuant to such collective bargaining agreements and applicable law, Defendant Riverway Electric was obligated to make fringe benefit contributions to plaintiffs for, or with respect to work performed by, those of its employees who were represented by the Union;

B. Adjudicating that Defendant Riverway Electric is contractually obligated to plaintiffs for the period from (at the latest) July 2018;

C. Ordering Defendant Riverway Electric to specifically perform all of the fringe benefit provisions of the collective bargaining agreements which it entered into with the Union;

D. Awarding plaintiffs $42,860.52, representing the audited indebtedness based on work performed from July 2018 through December 2018, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing and prosecuting this present action and all additional amounts to which plaintiffs are entitled pursuant to ERISA and plaintiffs' plan documents; and

E. Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

**COUNT II**
(Fred Wohlfert and Riverway Electric)
<u>Violation of Michigan Building Contract Fund Act –
Defalcation While Under Fiduciary Capacity</u>

13. Plaintiffs hereby re-allege and incorporate each and every allegation set forth in paragraphs 1 through 12 as if fully set forth herein.

14. Upon information and belief, defendant Fred Wohlfert is the manager of defendant Riverway Electric and had control over the operations of

defendant Riverway Electric, including receipt of payment on jobs and the subsequent payment to plaintiffs for the benefit of the Funds.

15. Upon information and belief, defendant Fred Wohlfert received payment for the fringe benefit contributions accrued by the employees of defendant Riverway Electric on each and every job upon which defendant Riverway Electric's employees supplied labor.

16. Pursuant to MCLA §§570.151, *et seq.*, the Michigan Building Contract Fund Act ("Act"), a trust fund was created for plaintiffs' benefit in connection with any money which defendant Riverway Electric and/or defendant Fred Wohlfert received.

17. Upon information and belief, Fred Wohlfert failed and refused to remit payment to plaintiffs for fringe benefit contributions accrued by the employees of defendant Riverway Electric after payments were received by defendant Riverway Electric, and/or defendant Fred Wohlfert.

18. Upon information and belief, defendant Fred Wohlfert misappropriated and/or misused said funds for his own benefit or other purposes and not for the purpose of paying fringe benefit contributions accrued by the employees of defendant Riverway Electric.

19. The retention of monies received by received by Defendant Riverway Electric and Defendant Fred Wohlfert individually and Defendant

Riverway Electric and/or Defendant Fred Wohlfert's failure to remit the same to Plaintiffs and any misappropriation and/or misuse of funds received by Defendant Riverway Electric and/or Defendant Fred Wohlfert are in violation of Defendant Fred Wohlfert's statutory fiduciary responsibilities imposed upon him pursuant to the Act and constitute a defalcation while acting in such fiduciary capacity.

20. As a result of his breach of his fiduciary duties, defendant Fred Wohlfert is individually responsible and liable for all sums received in payment for fringe benefit contributions accrued by employees of defendant Riverway Electric pursuant to the Act, and applicable law.

WHEREFORE, plaintiffs pray that judgment be entered in their favor and against defendant Riverway Electric and defendant Fred Wohlfert, individually, and jointly and severally, containing the following provisions:

A. Adjudicating that defendant Riverway Electric is bound to pay contributions to plaintiffs as alleged in this Complaint from (at the latest) July 2018;

B. Awarding plaintiffs for the benefit of the Funds the amount of $42,860.52, representing the unpaid audited indebtedness for the period of July 2018 through December 2018, *plus* additional interest, costs, attorney's fees and other amounts pursuant to 29 USC §1132(g)(2) and the Funds' plan documents;

C. Entering judgment against defendant Riverway Electric and

defendant Fred Wohlfert, individually, and jointly and severally, for violations of the Act for their defalcation while under a statutory fiduciary capacity as alleged in Count II of the Complaint in the amount of $42,860.52, representing the amount due on an audit of the books and records of defendant Riverway Electric covering the period of July 2018 through December 2018, plus all costs, liquidated damages, interest, attorney's fees and other amounts to which plaintiffs are entitled pursuant statute and plaintiffs' plan documents; and

      D.    Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

WATKINS, PAWLICK, CALATI & PRIFTI, PC

By:   s/Hope L. Calati
      HOPE L. CALATI (P54426)
      Attorneys for Plaintiffs
      1423 E. 12 Mile Road
      Madison Heights, MI 48071
      248-658-0800

October 15, 2019       Email:hcalati@wpcplaw.com